United States District Court
Southern District of Texas
FILED
DEC 14 2022
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANKLIN SHANE SIMMS, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-CV-0316 |
| U.S. CUSTOMS AND BORDER PROTECTION, *et al.*, | § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION

Plaintiff FRANKLIN SHANE SIMMS, proceeding pro se and in forma pauperis, seeks redress against multiple federal law enforcement agencies for alleged violations of his constitutional rights. (Dkt. No. 1). Plaintiff claims a right "not to be subjected to cruel and unusual treatment," alleging that U.S. Customs & Border Protection ("CBP") and the Central Intelligence Agency (the "CIA") "unlawfully [tore] [his] clothes off[,] assisted by [a] computer string machine[,] to unlawfully obtain nude pictures [and] video . . . ." (*Id.* at 1, 6). In terms of relief, Plaintiff requests that the federal agencies be enjoined from further detaining and strip-searching him. (*Id.* at 7). Because Plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) of the Prison Litigation Reform Act, which contemplates dismissal of an action if it is frivolous or malicious, among other circumstances.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the undersigned respectfully RECOMMENDS that Plaintiff's claims be DISMISSED with prejudice as malicious to the extent they are duplicative of those raised in several civil actions reviewed below and because the claims are otherwise frivolous as fanciful, fantastical, or delusional.

## I. BACKGROUND

Plaintiff is a so-called "serial filer." Since 2013, he has initiated at least five actions based on allegations that he is the victim of sexually bizarre acts of abuse. Not only are the alleged acts similar from case to case, but the named defendants are often the same as well.

Plaintiff filed suit in the Brownsville Division in March 2013, which suit was transferred to the McAllen Division and assigned to the Honorable Micaela Alvarez, United States District Judge, under *Simms v. Wal-Mart, et al.*, Civil Action No. 7:13-CV-0111 (the "2013 McAllen Case"). Because Plaintiff applied for in forma pauperis status, Judge Alvarez proceeded to screen the action pursuant to § 1915(e)(2)(B). *Id.*, Dkt. No. 5 at 2-3. In summarily dismissing Plaintiff's claims as frivolous, Judge Alvarez described the pleadings and allegations as follows:

> In his complaint, [Plaintiff] makes allegations against "hundreds of defendants," defendants which he details individually and categorically over the first five pages of his complaint. Against these myriad defendants, [Plaintiff] collectively alleges: that defendants obtained nude, pornographic images of [him]; that these things are displayed at Wal-Mart stores whenever he is not near them, and that women worldwide are aware of, and have viewed, these ongoing displays; that the CIA continued to obtain images of him via a method called "reflection," until he employed a technique called "de-reflection;" finally, that entities and individuals collude toward his downfall in several ways. Simply put, these "inarguable legal conclusion[s]" based on "fanciful factual allegations" are frivolous.

*Id.*, Dkt. No. 5 at 3-4 (internal footnote omitted). Among the defendants specifically identified in the 2013 McAllen Case were the CIA. *See id.*, Dkt. No. 1 at 5.

Plaintiff filed a second suit in the Brownsville Division in November 2013, which suit remained in the division but was assigned to the Honorable Ricardo H. Hinojosa, United States District Judge, under *Simms v. Customs and Border Protection Employees 2012 and 2013, et al.*, Civil Action No. 1:13-CV-0230. The case was eventually dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure to prosecute upon a report and recommendation

by the Honorable Dorina Ramos, United States Magistrate Judge. *See id.*, Dkt. Nos. 16, 18, 19.

As described by Judge Ramos, the complaint included—

> facially fantastical allegations that the U.S. Government and President attempted to murder [Plaintiff], that law enforcement stole his car, that the Government [had] obtained billions of dollars worth of pornographic images of him, and that the court system is corrupt, among other allegations.

*Id.*, Dkt. No. 16 at 1.

In July 2022, Plaintiff filed what he labelled a petition for writ of habeas corpus under 28 U.S.C. § 2241 before the Western District of Arkansas. *Simms v. Maricopa Cnty. Jail*, 2022 WL 3643529, at *1 (W.D. Ark. Aug. 3, 2022). In seeking habeas relief, Plaintiff alleged in part that he was being "falsely imprisoned" at his home by the CIA "to use [a] computer string machine to tear off [his] clothes to take pictures and video of [him] nude." *Id.* As for relief, Plaintiff asked that law enforcement be ordered "to not strip search [him] because it will be to obtain extremely desired and valuable nude pictures and video . . . with the computer string machine" and "not to force [him] to shower nude [so he] can wear underwear." *Id.* A magistrate judge issued a report and recommendation that the petition be dismissed for lack of jurisdiction insofar as Plaintiff was not "in custody" on a conviction, pretrial detention, or immigration charges. *See id.* at *2. The report was accepted by a district judge on August 23, 2022. *See Simms v. Maricopa Cnty. Jail*, 2022 WL 3636681, at *1 (W.D. Ark. Aug. 23, 2022).

Almost immediately thereafter, Plaintiff completed a habeas corpus application form dated August 31, 2022 and mailed duplicates to the McAllen Division and the Laredo Division. The filings were opened, respectively, as this case and *Simms v. U.S. Customs and Border Protection, et al.*, Civil Action No. 5:22-CV-0085 (the "2022 Laredo Case"). Although the allegations in this case are more concise compared to those in the 2013 McAllen Case, they are effectively the same. As alluded to, according to Plaintiff, CBP and the CIA "unlawfully [tore] [his] clothes off[,]

assisted by [a] computer string machine[,] to unlawfully obtain nude pictures [and] video" so those images could be exhibited to women all over the country on television displays, "like on the big screen of the Kansas Colosseum." (*See* Dkt. No. 1 at 1, 6).

On September 7, 2022, the undersigned Magistrate Judge issued an order addressing the characterization of Plaintiff's filing. Because Plaintiff was not challenging a conviction or sentence and otherwise sought to enjoin further violations of his constitutional rights, the Magistrate Judge liberally construed the pleadings as a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] (Dkt. No. 2 at 1-2). Plaintiff was also ordered to pay the civil action filing fee or apply to proceed in forma pauperis within 30 days. (*Id.* at 2-3). Plaintiff failed to comply, so the Magistrate Judge issued a subsequent order for the same. (Dkt. No. 3). Plaintiff eventually filed an in forma pauperis application dated November 17, 2022.[2] (Dkt. No. 4). Accompanying this report is an order granting Plaintiff's in forma pauperis application.

## II. LEGAL STANDARD

Section 1915(e)(2)(B) imposes a screening responsibility on the district court whenever a plaintiff is granted in forma pauperis status. *Womack v. Teleplan*, 2003 WL 21289652, at *1 (N.D. Tex. May 29, 2003) (citing 28 U.S.C. § 1915(e)(2)(B)). Such screening applies to prisoners and

---

[1] Plaintiff himself noted that he was "not incarcerated currently" at the time he filed this civil rights action. (*See* Dkt. No. 1 at 8). Running his name through the online Inmate Locator maintained by the Federal Bureau of Prisons, available at www.bop.gov/inmateloc (last visited Dec. 13, 2022) reflects that Plaintiff was imprisoned at some point after the filing of the 2013 McAllen Case but was released from federal custody in October 2020.

[2] Through his application, Plaintiff insists that the case "is a writ of habeas corpus[,] not a [civil rights] lawsuit[,]" such that the habeas corpus filing fee of $5 should apply. (*See* Dkt. No. 4 at 2). As previously alluded to through the Magistrate Judge's order recharacterizing this action, however, Plaintiff fails to meet the "in custody" requirement of the habeas corpus statute, 28 U.S.C. § 2241(c), meaning that the court is without jurisdiction to grant habeas relief.

non-prisoners alike. *Id.* at *1 n.1 (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002)). Any claim meeting the enumerated statutory conditions must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is subject to dismissal if it either: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) or seeks monetary relief against a defendant who is immune from such relief. *Id.*

A "frivolous" claim lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, such as if it alleges the violation of a legal interest that clearly does not exist. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (quotations omitted). A claim is factually frivolous if the facts alleged are clearly baseless, which encompasses allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327-28) (quotations omitted).

A claim may be deemed "malicious" where it duplicates the plaintiff's allegations in another pending federal lawsuit or a prior litigation. *Ellis v. United States*, 2021 WL 260428, at *3 (N.D. Tex. Jan. 26, 2021) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)).

### III. ANALYSIS

Here, Plaintiff's claims are malicious to the extent they are merely duplicative of those in the cases reviewed above, especially the 2013 McAllen Case, which was dismissed as frivolous, and the 2022 Laredo Case, which remains pending.

Like the claims in the 2013 McAllen Case, Plaintiff's instant claims are also frivolous. Already deemed "fanciful" by Judge Alvarez is the notion of a wide-ranging cabal of government agencies and private entities that is out to victimize Plaintiff by taking his nude images and exhibiting them at public venues. *See Cooper v. Belcher*, 2010 WL 3359709, at *1, 8 (D. Colo.

Aug. 25, 2010) (recognizing that, although separate actions of sexual assault by government officials are not necessarily frivolous, "a different picture emerges when [multiple] actions [against many persons in various locations] are viewed together"). Adding a further fantastical or delusional element are the allegations of the defendants' use of technology like a "computer string machine." *See Simms v. Central Intelligence Agency, et al.*, 3:22-CV-0199-DB (W.D. Tex. Aug. 12, 2022) (dismissing civil rights action for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B) based on "fantastic or delusional" allegations "that the CIA has used a 'computer string machine'—a device Mr. Simms seems to believe can cause internal organs to fail—against himself, his brother, and his father").

For these reasons, the complaint should be subject to summary dismissal.

## IV. CONCLUSION

### *Recommended Disposition*

After review of the record and relevant law, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's claims be DISMISSED with prejudice as malicious to the extent they are duplicative of his prior civil actions and because the claims are otherwise frivolous as fanciful, fantastical, or delusional.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

## *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to Plaintiff by any receipted means.

DONE at McAllen, Texas this 14th day of December 2022.

---

J. SCOTT HACKER
United States Magistrate Judge